**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1744
_____

YONG CHUL SON,
                                        Appellant

v.

THOMAS G. LYNCH, Deceased; ANDREW S. STRAUSS, (CEO); MICHAEL
SKINDER, (Member); PUBLISHER OF NEW JERSEY LAWYERS DIARY AND
MANUAL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:24-cv-01051)
District Judge:  Honorable Julien X. Neals
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 27, 2025
Before:  HARDIMAN, FREEMAN, and ROTH, <u>Circuit Judges</u>

(Opinion filed: February 24, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**PER CURIAM**

Yong Chul Son appeals pro se from the District Court's order granting the Appellees' motion for judgment on the pleadings and dismissing his complaint with prejudice. We will affirm the District Court's judgment.

In January 2024, Son filed a complaint in the United States District Court for the Eastern District of New York asserting various federal claims against Appellees. The complaint arises from a series of lawsuits Son filed in state and federal courts in New Jersey from 2001 to 2017. The case was transferred to the United States District Court for the District of New Jersey in February 2024. Appellees filed an answer to the complaint and, several months later, a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Son opposed the motion. On March 18, 2025, the District Court granted the motion, agreeing with the Appellees that all of Son's claims were barred under the applicable statutes of limitations, and dismissed the complaint with prejudice. Son timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise de novo review over the District Court's order granting the Appellees' motion for judgment on the pleadings pursuant to Rule 12(c) and apply the same standards as those for a motion made pursuant to Rule 12(b)(6). Bibbs v. Trans Union LLC, 43 F.4th 331, 339 (3d Cir. 2022). The District Court must accept the well-pleaded allegations of the complaint as true and draw

2

all reasonable inferences in favor of Son as the non-moving party. Id. It may grant the motion if the movant is entitled to judgment as a matter of law. Id.

The District Court did not err in granting the Appellees' motion on the ground that the claims in Son's complaint were barred by the applicable statutes of limitations. The complaint asserts claims under the Federal Tort Claims Act (FTCA)[1] and 42 U.S.C. § 1983.[2] The District Court additionally construed the complaint as asserting a state law negligence claim. The statute of limitations for all of these claims is two years. See United States v. Wong, 575 U.S. 402, 405 (2015) (explaining that the FTCA "provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." (quoting 28 U.S.C. § 2401(b)); see also Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (recognizing that in New Jersey, the statute of limitations for personal injury claims, and by extension § 1983 claims, is two years).

Son's complaint does not describe any events underpinning his claims occurring on dates later than 2019—but he did not file the complaint until 2024, well over two years later. And Son has not identified, either in the District Court or on appeal, any valid

---

[1] Son failed to include the United States as a party, which is a requirement under the FTCA, *see* 28 U.S.C. § 2674.

[2] A § 1983 claim can only be brought against persons acting under the color of state law. 42 U.S.C. § 1983.

grounds for equitably tolling the limitations period. See generally D.J.S.-W. by Stewart v. United States, 962 F.3d 745, 750 (3d Cir. 2020) (providing the standard for equitable tolling and explaining its limited application to circumstances requiring extraordinary remedy).

Accordingly, we will affirm the judgment of the District Court.